United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD JOHNSON, *et al.*,

        Plaintiffs,

        v.

PNC MORTGAGE & WELLS FARGO, *et al.*,

        Defendants.
_____/

No. C-11-2388 EMC

**ORDER GRANTING DEFENDANT PNC BANK'S MOTION TO DISMISS**

**(Docket No. 5)**

        Plaintiffs Ronald Johnson and Mavis Felicien have filed suit against Defendants PNC Bank[1] and Wells Fargo, asserting a claim for fraud. Currently pending before the Court is PNC Bank's motion to dismiss for failure to state a claim. Having reviewed the parties' briefs and accompanying submissions, the Court concludes that PNC Bank's motion may be decided on the papers and therefore **VACATES** the hearing on the motion. For the reasons discussed below, the Court hereby **GRANTS** PNC Bank's motion to dismiss. In addition, given the Court's rulings below on PNC Bank's motion, Wells Fargo's motion to dismiss, which was set for hearing on September 9, 2011, is essentially moot, and thus the hearing on that motion is also **VACATED**.

---

[1] In their complaint, Plaintiffs actually named PNC Mortgage as the defendant instead of PNC Bank. However, PNC Bank is the entity that has made an appearance in this case, and thus apparently concedes that it is the proper defendant – *i.e.*, it was erroneously sued as PNC Mortgage.

## I. DISCUSSION

A. Plaintiffs

As a preliminary matter, the Court addresses some concerns it has regarding Plaintiffs in this case.

First, the Court notes that, based on its review of the record, it has concerns over whether Mr. Johnson is in fact a proper plaintiff. Mr. Johnson does not appear to have any ownership interest in the real property at issue. For example, unlike Ms. Felicien, he is not identified as a borrower on the deed of trust, *see* Def.'s RJN, Ex. A (deed of trust), nor is he identified as the borrower in the loan correspondence or loan modification agreement. Moreover, the complaint suggests that Mr. Johnson may simply have been Ms. Felicien's realtor. *See* Compl. ¶ 9 (alleging that "I have my Realtor who is Ronald Johnson to put into this lawsuit that you can not [sic] rent out this property at this rate, see the appraisal report"). For this reason alone, Mr. Johnson should be dismissed, but shall be given leave to establish his standing as a proper plaintiff.

Second, the Court notes that, unless he is an attorney, he is entitled to represent only himself, and not Ms. Felicien. *See* Civ. L.R. 3-9(a) (providing that "[a]ny party representing him or herself without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this Court"). Because there is nothing in the record to indicate that Mr. Johnson is in fact an attorney, the Court finds that he is entitled to represent himself, but not Ms. Felicien. This is an important point because the complaint was signed by Mr. Johnson only, not Ms. Felicien. (The opposition to the pending motion was likewise signed only by Mr. Johnson, not Ms. Felicien.) Because Mr. Johnson is not in a position to represent Ms. Felicien, the Court construes the complaint as having been filed by Mr. Johnson only. **The Court shall not consider Ms. Felicien a plaintiff in this lawsuit unless she makes an appearance in this case within thirty days of the date of this order.** If Ms. Felicien does not make an appearance within this time frame, then the Clerk of the Court shall strike her name from the complaint, and this litigation shall not be binding on her in any way.

1  Anticipating that Mr. Johnson will seek to amend and demonstrate he has standing to serve
2 as a plaintiff in this suit, the Court will address PNC Bank's motion to dismiss with respect to Mr.
3 Johnson on the merits.

4 B.  Legal Standard

5  PNC Bank has moved for a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).
6 Under Rule 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which
7 relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6)
8 challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d
9 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of
10 material fact as true and construe them in the light most favorable to the nonmoving party, although
11 "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6)
12 dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not
13 contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is
14 plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content
15 that allows the court to draw the reasonable inference that the defendant is liable for the misconduct
16 alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); see also *Bell Atl. Corp. v. Twombly*, 550
17 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it
18 asks for more than sheer possibility that a defendant acted unlawfully." *Id.*

19 C.  Fraud

20  In the caption of the complaint, Mr. Johnson states that the complaint is one for fraud.[2]
21 Under California law, "[t]he elements of fraud are: (1) a misrepresentation (false representation,
22 concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to
23 induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co., Inc. v.*
24 *Dana Corp.*, 34 Cal. 4th 979, 990 (2004). In the instant case, PNC Bank argues that dismissal is

---

[2] It is not clear from the complaint whether Mr. Johnson intended to assert any claims other than fraud. To the extent Mr. Johnson makes a claim for relief based on PNC Bank's failure to offer him a loan modification, *see* Compl. ¶ 6, that claim is without merit because Mr. Johnson has failed to include any allegations establishing that PNC Bank had a duty or obligation to modify the loan.

3

1 warranted under Rule 12(b)(6) because Mr. Johnson has failed to allege that it made any
2 misrepresentation whatsoever.

3       The Court agrees.  In so holding, the Court acknowledges Mr. Johnson's assertion that the
4 fraud claim is based in part on PNC Bank's alleged failure to do an appraisal (as part of the loan
5 modification).  *See* Compl. ¶ 5.  The problem for Mr. Johnson is that he has not explained how the
6 failure to do the appraisal constitutes fraud.  Mr. Johnson has not alleged, for example, that PNC
7 said it would do an appraisal and then failed to carry out that promise.

8       The Court also acknowledges that there is some suggestion in the complaint that PNC Bank
9 made a misrepresentation when it stated that a loan modification results in a payment that the
10 mortgagor can afford and then Mr. Johnson's payment actually went up.  *See id.* ¶ 4.  That Mr.
11 Johnson's payment went up, however, does not necessarily mean that he could not afford the
12 payment.  At least, Mr. Johnson has not pled that he could not afford it.  It is also is not clear
13 whether Mr. Johnson is alleging that his monthly mortgage was higher after the loan modification
14 than it was before the loan modification, or whether Mr. Johnson is complaining that his first
15 monthly payment under the loan modification was higher than anticipated (*i.e.*, $1,788.54 instead of
16 $1,428.54).

17       Accordingly, the Court dismisses the fraud claim.  The dismissal is without prejudice so that
18 Mr. Johnson may, if he so desires, file an amended complaint containing specific factual allegations
19 to support a claim for fraud.  The Court advises Mr. Johnson that, to survive a motion to dismiss
20 under Rule 12(b)(6), he must plead factual allegations to support each element of fraud identified
21 above. In addition, under Federal Rule of Civil Procedure 9(b), a claim for fraud must be pled with
22 particularity.  *See* Fed. R. Civ. P. 9(b) (providing that, "[i]n alleging fraud or mistake, a party must
23 state with particularity the circumstances constituting fraud or mistake," although adding that
24 "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally").
25 Finally, because the Court has concerns over whether Mr. Johnson is a proper plaintiff in the case,
26 he must include allegations establishing that he has standing to assert a claim – *e.g.*, because he has
27 an ownership interest in the property at issue.
28

4

## II. **CONCLUSION**

For the foregoing reasons, PNC Bank's motion to dismiss is granted, and the hearing on the motion, which was set for August 19, 2011, is vacated.

If Mr. Johnson wishes to file an amended complaint, then he must file (and serve) the amended complaint within thirty days of the date of this order. Because the Court is giving Mr. Johnson an opportunity to amend his complaint with respect to the fraud claim asserted against PNC Bank, it shall also at this time give Mr. Johnson an opportunity to amend his complaint with respect to the fraud claim asserted against the other defendant in the case, *i.e.*, Wells Fargo. The fraud claim asserted against Wells Fargo has the same deficiencies as the fraud claim asserted against PNC Bank.

The Court acknowledges that Wells Fargo has filed a motion to dismiss, which is currently set for hearing on September 9, 2011. That motion raises arguments which have already been addressed by this order. That motion is essentially moot in light of the above rulings, and so the Court also vacates the hearing on Wells Fargo's motion to dismiss.

In short, Mr. Johnson has **thirty days from the date of this order** to file (and serve) an amended complaint (1) containing allegations establishing that he is a proper plaintiff in this case and (2) stating a claim for fraud against PNC Bank **and** Wells Fargo. If no amended complaint is filed by this date, then PNC Bank and Wells Fargo shall be terminated from this litigation, and the case shall be closed as to Mr. Johnson.

In addition, Ms. Felicien has **thirty days from the date of this order** to make an appearance in this case, as Mr. Johnson is not entitled to represent her. Ms. Felicien may make an appearance in the case by filing a document (signed by herself) affirming that she is a plaintiff in this lawsuit. In addition, Ms. Felicien may, if she so chooses, sign the amended complaint – assuming that one is filed by Mr. Johnson – in which case the Court shall deem the amended complaint to be one brought by both Mr. Johnson and Mr. Felicien. If Ms. Felicien does not make an appearance within the timeframe above, then the Clerk of the Court shall strike her name from the complaint, and this litigation shall not be binding on her in any way.

For Mr. Johnson and/or Ms. Felicien's benefit, the Court has appended to this order a flyer containing information about the Legal Help Center. A copy of the Handbook for Litigants Without a Lawyer is available at the Clerk's Office and on the Court's website – http://cand.uscourts.gov and more specifically, http://cand.uscourts.gov/proselitigants.

This order disposes of Docket Nos. 5 and 9.

IT IS SO ORDERED.

Dated: July 29, 2011

_____
EDWARD M. CHEN
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JOHNSON, *et al.*, | No. C-11-2388 EMC |
| Plaintiffs, | |
| v. | **CERTIFICATE OF SERVICE** |
| PNC MORTGAGE & WELLS FARGO, *et al.*, | |
| Defendants. | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Mavis Felicien  
5713 Poplar Common  
Fremont, CA 94538

Ronald Johnson  
5713 Poplar Common  
Fremont, CA 94538

Dated: July 29, 2011          RICHARD W. WIEKING, CLERK

By: _____/s/ Leni Doyle_____  
Leni Doyle  
Deputy Clerk