United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD JOHNSON, *et al.*,

Plaintiffs,

v.

PNC MORTGAGE, *et al.*,

Defendants.

___________________________________/

No. C-11-2388 EMC

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

**(Docket Nos. 21, 22, 25)**

Plaintiffs Ronald Johnson and Mavis Felicien have filed suit against Defendants PNC Bank, National Association (erroneously sued as PNC Mortgage) and Wells Fargo Bank, N.A. (erroneously sued as Wells Fargo). Perhaps out of confusion over the Court's order of July 29, 2011, *see* Docket No. 17 (order), Mr. Johnson and Ms. Felicien submitted separate amended complaints to the Court. Currently pending before the Court are PNC and Wells Fargo's motions to dismiss the complaints. No opposition briefs were filed with the Court. The Court deems the motions suitable for disposition without oral argument and thus **VACATES** the hearing set for October 7, 2011. Each of the motions to dismiss is **GRANTED**.

## I. <u>FACTUAL & PROCEDURAL BACKGROUND</u>

As noted above, Mr. Johnson and Ms. Felicien filed separate amended complaints. While this was technically improper, the Court is willing to overlook the error because Plaintiffs are both pro se and the substance of the complaints do not differ substantially.

In her amended complaint, Ms. Felicien alleges that Defendants made a material misrepresentation to her. What that misrepresentation was is not clear. It appears that it had

something to do with a loan modification. *See* Felicien FAC at 1 (alleging that "[t]he defendant[s] breached that duty when they lied about the modification"). Based on the previous complaint filed by Mr. Johnson, Ms. Felicien may be trying to allege that Defendants made a misrepresentation about what her monthly mortgage would be under a loan modification; as it turned out, her monthly mortgage actually increased after the modification. Based on these allegations, Ms. Felicien has asserted claims for fraud, negligence/professional malpractice, and discrimination.

In his amended complaint, Mr. Johnson makes the same basic allegations – *i.e.*, that Defendants made a material misrepresentation to Ms. Felicien in conjunction with a loan modification and that, as a result, Ms. Felicien's monthly mortgage increased. Mr. Johnson further alleges that he is a licensed realtor and that he entered into a contract with Ms. Felicien, apparently to help her obtain a loan modification. According to Mr. Johnson, he did not charge Ms. Felicien any "up front" fees for his services; rather, Ms. Felicien was to pay him after she was approved for the loan modification. Implicitly, Ms. Felicien has not been able to pay Mr. Johnson because, after the modification, her monthly mortgage actually went up. Based on the above allegations, Mr. Johnson asserts claims for fraud, negligence/professional malpractice, and wrongful interference with contract.

## II. DISCUSSION

### A. Legal Standard

A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility

United States District Court
For the Northern District of California

standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.*

B. Mr. Johnson's Claims

As noted above, Mr. Johnson has asserted the following causes of action against both PNC and Wells Fargo: fraud, negligence/professional malpractice, and wrongful interference with contract.[1]

The fraud and negligence/professional malpractice claims are dismissed with prejudice. Mr. Johnson lacks standing to assert these claims because he has failed to allege that Defendants made any misrepresentation to him. Indeed, it is clear both from his original complaint and now his amended complaint that the only alleged misrepresentation was made to Ms. Felicien. *See Williams v. Boeing Co.*, 517 F.3d 1120, 1127 (9th Cir. 2008) (stating that, "[t]o have standing [to bring a claim], a 'plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief'").

As for the claim for wrongful interference, it too is dismissed because Mr. Johnson has failed to allege the essential elements for such a claim. The elements for a claim of interference are as follows: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 55 (1998). Here, Mr. Johnson has failed to allege that Defendants knew of his contract with Ms. Felicien. Furthermore, he has not alleged that Defendants made the misrepresentation to Ms. Felicien because they wanted to induce a breach of disruption of her contract with Mr. Johnson. Because it would be implausible that Defendants made the misrepresentation to Ms. Felicien to harm Mr. Johnson, the claim for wrongful interference is dismissed with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that, "in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should

---

[1] The Court notes that, in its prior order, it gave Mr. Johnson leave to replead a fraud claim only. Therefore, the claims for negligence/professional malpractice and wrongful interference arguably should be dismissed on that basis alone. In the interest of justice, however, the Court addresses these claims on their merits.

grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts'").

C. Ms. Felicien's Claims

As for Ms. Felicien's claims, they are also deficient in critical respects and therefore dismissed.

The discrimination claim is dismissed because there are no factual allegations at all to support such a claim. For example, there is no allegation that Ms. Felicien was treated differently from other individuals nor is there any allegation as to what the basis of any alleged differential treatment was (*e.g.*, race, gender).

The fraud claim is dismissed because, under Federal Rule of Civil Procedure 9(b), such a claim must be pled with specificity. *See* Fed. R. Civ. P. 9(b) (providing that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake"). As the Ninth Circuit has explained, this means that

> the circumstances constituting the alleged fraud [must] "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" Averments of fraud must be accompanied by "*the who, what, when, where, and how*" of the misconduct charged. "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false."

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (emphasis added). In the case at bar, Ms. Felicien has failed to meet this standard, most notably because it is not even clear what false or misleading statement was made in the first place and why it was false.

As for the negligence/professional malpractice claim, here too Ms. Felicien has failed to state a claim for relief. The basic elements of a claim for professional malpractice are as follows:

> (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.

*Turpin v. Sortini*, 31 Cal. 3d 220, 229-30 (1982). Regarding the first element, the duty to use skill, prudence, and diligence is triggered only where the professional owes a duty to the claimant in the first place. *See Moore v. Anderson Zeigler Disharoon Gallagher & Gray*, 109 Cal. App. 4th 1287, 1294 (2003) (noting that "[a] key element of any action for professional malpractice is the establishment of a duty by the professional to the claimant" and that, "[a]bsent duty there can be no breach and no negligence") (internal quotation marks omitted).

In the instant case, Defendants contend that the negligence/professional malpractice claim must fail because a lender can never owe a duty of care to a borrower so long as it is acting in its lending capacity. In support of this position, they cite, *inter alia*, *Nymark v. Heart Fed. Savs. & Loan Ass'n*, 231 Cal. App. 3d 1089 (1991), in which a state appellate court stated (in relevant part) that "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Id.* at 1096. The Court does not agree with Defendants that a lender can never, as a matter of law, owe a duty of care to a borrower – Defendants have taken the above statement in *Nymark* out of its full context. *See Ottolini v. Bank of Am.*, No. C-11-0477 EMC, 2011 U.S. Dist. LEXIS 92900, at *14-17 (N.D. Cal. Aug. 19, 2011) (discussing the above-quoted statement in *Nymark* and ultimately using the multi-factor balancing test suggested by *Nymark* to determine whether there was a duty of care). Nevertheless, the Court does agree that, here, there are no allegations indicating that Defendants plausibly owe a duty of care to Ms. Felicien, and therefore the negligence/professional malpractice claim is also dismissed.

At this juncture, the Court shall dismiss Ms. Felicien's claims without prejudice. That is, it shall give Ms. Felicien leave to file an amended complaint to address the deficiencies identified by the Court above. Ms. Felicien has leave to amend her complaint by including additional factual allegations to support the claims for discrimination, fraud, and negligence/professional negligence. She does not have leave to amend her complaint by adding new causes of action.

## III. CONCLUSION

For the foregoing reasons, the Court grants Defendants' motions to dismiss. The claims asserted by Mr. Johnson are dismissed with prejudice – in other words, he is barred from filing any

United States District Court
For the Northern District of California

amended complaint. The claims asserted by Ms. Felicien are dismissed without prejudice. Ms. Felicien has thirty (30) days from the date of this order to file an amended complaint in accordance with the above. Ms. Felicien is advised that, should she fail to remedy the above deficiencies and/or otherwise fail to state a claim for relief, the Court may grant a dismissal with prejudice.

This order disposes of Docket Nos. 21, 22, and 25.

IT IS SO ORDERED.

Dated: October 5, 2011

EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD JOHNSON, *et al.*,

Plaintiffs,

v.

PNC MORTGAGE & WELLS FARGO, *et al.*,

Defendants.
_______________________________________/

No. C-11-2388 EMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Mavis Felicien
5713 Poplar Common
Fremont, CA 94538

Ronald Johnson
5713 Poplar Common
Fremont, CA 94538

Dated: October 5, 2011

RICHARD W. WIEKING, CLERK

By: _______________________
Betty Lee
Deputy Clerk