United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAVIS FELICIEN,

        Plaintiff,

    v.

PNC MORTGAGE & WELLS FARGO, *et al.*,

        Defendants.

_____/

No. C-11-2388 EMC

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

**(Docket Nos. 32, 35)**

    Previously, the Court issued an order granting Defendants PNC Bank, National Association and Wells Fargo Bank, N.A.'s motions to dismiss the first amended complaints of Plaintiffs Ronald Johnson and Mavis Felicien.[1] *See* Docket No. 28 (order). While the Court dismissed Mr. Johnson's claims with prejudice, it gave Ms. Felicien an opportunity to amend her complaint. The Court specifically advised Ms. Felicien that a failure to remedy the deficiencies identified by the Court could lead to a dismissal with prejudice.

    On August 3, 2011, Ms. Felicien filed an amended complaint. *See* Docket No. 31 (amended complaint). Thereafter, Defendants filed the currently pending motions to dismiss. In their motions, Defendants ask for dismissal of each of the claims asserted, and with prejudice. Having considered the papers submitted, as well as all other evidence of record, the Court hereby **GRANTS** Defendants' motion but shall give Ms. Felicien one final opportunity to amend her complaint.

---

[1] Defendants were erroneously sued as PNC Mortgage and Wells Fargo.

## I. DISCUSSION

A. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

B. <u>Claims for Fraud, Negligence, and Professional Negligence/Malpractice</u>

In the new complaint, Ms. Felicien asserts claims for fraud, negligence, and professional malpractice, just as she did in her prior complaint. In fact, the claims for fraud, negligence, and professional malpractice as stated in the current complaint are exactly the same as the claims for fraud, negligence, and professional malpractice as stated in the prior complaint. The Court therefore grants Defendants' motions to dismiss with respect to these claims for the reasons previously stated in its order of October 5, 2011. *See* Docket No. 28 (order). Moreover, because Ms. Felicien has made no attempt to address the deficiencies identified by the Court in its October 5 order, the dismissal of these claims shall be with prejudice – *i.e.*, Ms. Felicien is barred from reasserting these claims in any amended complaint in this case. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that, "in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court

2

should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be possibly be cured by the allegation of other facts'").

C. Discrimination Claim

In the operative complaint, Ms. Felicien also asserts a claim for discrimination. To the extent Ms. Felicien has asserted a Title VII claim, that claim is without any merit. As Defendants point out, Title VII protects against discriminatory *employment* practices only. *See* 42 U.S.C. § 2000e *et seq.* The Court thus dismisses the Title VII claim with prejudice.

D. Claim for Predatory Lending

Finally, the Court agrees with PNC that Ms. Felicien seems to be trying to assert a claim for predatory lending. To the extent she is, that is contrary to the Court's prior order, in which it instructed Ms. Felicien that she had leave to amend her claims for discrimination, fraud, and negligence/professional malpractice but she did *not* have leave to plead new causes of action. *See* Docket No. 28 (Order at 5). Nevertheless, because the Court is now dismissing with prejudice her claims for discrimination, fraud, and negligence/professional malpractice, it shall now give Ms. Felicien one final opportunity to amend her complaint to plead a claim for predatory lending.

If Ms. Felicien does choose to amend her complaint and plead a claim for predatory lending, then she must include factual allegations explaining how she specifically was a victim of predatory lending. At present, her complaint states only what a "typical predatory loan is." SAC at 3. In addition, Ms. Felicien should make clear *when* she was subjected to predatory lending and in conjunction with *which* loan (*e.g.*, the original loan for the property or a modified loan). Finally, Ms. Felicien should identify what statutes or laws give rise to her claim for predatory lending. With these clarifications, the Court should be able to assess the legal validity of Ms. Felicien's claim for predatory lending, including whether, as PNC argues, the claim is barred by the statute of limitations.

## II. CONCLUSION

For the foregoing reasons, the Court grants Defendants' motions to dismiss. The claims for fraud, negligence, professional malpractice, and discrimination are all dismissed with prejudice. Ms. Felicien has leave to amend her complaint to plead a claim for predatory lending only. Any

amended complaint must address the deficiencies identified by the Court above. Ms. Felicien has thirty days from the date of this order to file an amended complaint. **If Ms. Felicien fails to timely file an amended complaint, then the Clerk of the Court shall enter judgment against her and close the file in this case.**

Ms. Felicien is advised she may seek advice from the Legal Help Desk. For Ms. Felicien's benefit, the Court has appended to this order a flyer containing information about the Legal Help Center. A copy of the Handbook for Litigants Without a Lawyer is available at the Clerk's Office and on the Court's website – http://cand.uscourts.gov and more specifically, http://cand.uscourts.gov/proselitigants.

This order disposes of Docket Nos. 32 and 35.

IT IS SO ORDERED.

Dated: January 9, 2012

_____
EDWARD M. CHEN
United States District Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JOHNSON, *et al.*, | No. C-11-2388 EMC |
| Plaintiffs, | |
| v. | **CERTIFICATE OF SERVICE** |
| PNC MORTGAGE & WELLS FARGO, *et al.*, | |
| Defendants. / | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Mavis Felicien
5713 Poplar Common
Fremont, CA 94538

Ronald Johnson
5713 Poplar Common
Fremont, CA 94538

Dated: January 6, 2012                                           RICHARD W. WIEKING, CLERK

By: _____/s/ Leni Doyle_____
Leni Doyle
Deputy Clerk

United States District Court
For the Northern District of California