UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAVIS FELICIEN,

        Plaintiff,

    v.

PNC MORTGAGE & WELLS FARGO, *et al.*,

        Defendants.
_____/

No. C-11-2388 EMC

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

**(Docket Nos. 40, 42)**

Previously, the Court gave Plaintiff Mavis Felicien leave to amend to state a claim for predatory lending. The Court instructed Ms. Felicien to identify when she was subjected to predatory lending and in conjunction with which loan. The Court further instructed Ms. Felicien to identify which statutes or laws her claim for predatory lending was based on. *See* Docket No. 36 (order). After Ms. Felicien filed her amended complaint (her third complaint overall), both Defendants Wells Fargo Bank, N.A. and PNC Bank, National Association filed motions to dismiss. These are the motions currently pending before the Court. Having considered the papers submitted, as well as the oral argument presented at the hearing, the Court hereby **GRANTS** Defendants' motions.

## I.   FACTUAL & PROCEDURAL BACKGROUND

In her amended complaint, Ms. Felicien alleges that she closed escrow on the real property at issue on December 5, 2003. It appears from the complaint that Ms. Felicien believes the original loan she entered into was a predatory loan. *See* Am. Compl. at 2. According to Ms. Felicien,

"[t]hey gave me my paper work so fast that I could not read it within 3 days. I was told to sign it right away." Am. Compl. at 2.

Based on the above allegations, Ms. Felicien has asserted the following claims for relief: (1) violation of the Truth in Lending Act ("TILA"); (2) violation of the Home Ownership Equity Protection Act ("HOEPA"); and (3) violation of the Real Estate Settlement Procedures Act ("RESPA").

## II. DISCUSSION

A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

B. Statute of Limitations

In their motions, Defendants argue that all of Ms. Felicien's causes of action are barred by the statute of limitations. An assertion that a suit is barred by the statute of limitations is an affirmative defense. However, a defendant may still raise a motion to dismiss based on this defense if the running of the limitations period is apparent on the face of the complaint. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (stating that, "[i]f the running of the statute is

apparent on the face of the complaint, the defense may be raised by a motion to dismiss"). A motion to dismiss on statute of limitations grounds may be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) (internal quotation marks omitted).

Because Ms. Felicien is arguing that the original loan she entered into was predatory, the Court agrees that her claims based on that loan are all time barred. Ms. Felicien entered into that loan in or about December 2004.[1] TILA has a one-year statute of limitations for claims for damages and (at most) a three-year statute of limitations for claims for rescission. *See McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1328 (9th Cir. 2012) (stating that, in 15 U.S.C. § 1640, "Congress created a claim for damages for a lender's violation of TILA, adopting a one-year statute of limitations for such actions"; adding that, under § 1635(f), "[w]here the borrower alleges . . . that 'proper notice of rescission rights is not delivered to the consumer at the time of closing, and the lender fails to cure the omission by subsequently providing the proper information, the consumer's usual right to rescind within three days of closing is extended to three years'"). HOEPA shares the same statute of limitations period. *See Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1179 (E.D. Cal. 2010) (noting that "HOEPA is an amendment of TILA, and therefore is governed by the same remedial scheme and statutes of limitations as TILA"); *see also Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 532 (7th Cir. 2011) (stating that "HOEPA has a one-year statute of limitations for money damages and a three-year statute of limitations for rescission"; citing to §§ 1635(f) and 1640(e)). Finally, RESPA has either a three- or one-year statute of limitations. *See* 12 U.S.C. § 2614 (providing that an action may be brought "within 3 years in the case of a violation of section 6 [12 U.S.C. § 2605] and 1 year in the case of a violation of section 8 or 9 [12 U.S.C. § 2607 or 2608] from the date of the occurrence of the violation"). Because Ms. Felicien did not file her complaint

---

[1] In her complaint, Ms. Felicien actually suggests the loan was entered into sometime in December 2003, not 2004. However, the deed of trust which Wells Fargo has submitted for judicial notice indicates that the original loan was entered into in December 2004. Because the deed of trust is dated December 2004 and this date is more favorable to Ms. Felicien, the Court shall use the December 2004 date rather than the December 2003 date.

until 2011, all of the claims are clearly time barred. Moreover, there is nothing in any of Ms. Felicien's complaints – even when liberally construed – to indicate that the statutes of limitations should be tolled. This is particularly problematic because Ms. Felicien was put on notice, both by virtue of PNC's prior motion to dismiss, *see* Docket No. 35 (Mot. at 6), and this Court's order of January 9, 2012, *see* Docket No. 36 (Order at 3), that there was a potential time bar.

### III. CONCLUSION

For the foregoing reasons, the Court dismisses with prejudice Ms. Felicien's claims. The Court instructs the Clerk of the Court to enter judgment in accordance with this opinion and close the file in the case.

This order disposes of Docket Nos. 40 and 42.

IT IS SO ORDERED.

Dated: April 23, 2012

_____
EDWARD M. CHEN
United States District Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JOHNSON, *et al.*, | No. C-11-2388 EMC |
| Plaintiffs, | |
| v. | **CERTIFICATE OF SERVICE** |
| PNC MORTGAGE & WELLS FARGO, *et al.*, | |
| Defendants. _____/ | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Mavis Felicien  
5713 Poplar Common  
Fremont, CA 94538

Ronald Johnson  
5713 Poplar Common  
Fremont, CA 94538

Dated: April 23, 2012         RICHARD W. WIEKING, CLERK

By: _____/s/ Leni Doyle_____  
    Leni Doyle  
    Deputy Clerk